April 6, 1908.

———o———

## No. 4309.

## Court of Appeal, Parish of Orleans.

## FINLAY, DICKS & CO., LTD., VS. JEAN B. CAIRE ET ALS.

## WRIT OF MANDAMUS ON CLERK.

Clerks of Court are not forced to rely on the conditional security of an appeal bond for their costs for preparing and certifying the record of Appeal in a case where the plaintiff is the appellant. For this service they have the right to demand that the surety be absolute.

Appeal from Twenty-Seventh Judicial District Court, St. James Parish.

H. Kenner, for Plaintiff and Appellant.

Pugh & Himel, Kernan & Lambremont, for Defendant and Appellee.

MOORE, J. Relators seek by mandamus to compel the Clerk of the Twenty-seventh Judicial District Court for the Parish of St. James to prepare the record of appeal in the cause entitled Finlay, Dicks & Co., Limited, vs. Jean B. Caire et als., No. 2257, of the docket of said Court, in which relators are plaintiffs and appellants, and to deliver the said record to the Clerk of this Court, to which court the appeal is returnable.

They allege that the clerk refuses to perform his duty in this particular until the appellants shall first pay him all the Clerk's costs incurred in the cause in the District Court, which, they allege, they refused to do on the ground that all such costs

150

are covered and secured by the appeal bond filed by them.

The return of the clerk is to the effect that he is and has always been ready and willing to prepare and send up the record, but that he has the right to and did demand of the plaintiffs and appellants the payment of his costs for preparing the record and certifying thereto, before delivering the record, and that these particular costs are not covered and secured by the appeal bond.

To protect the clerk in the payment of his costs the law has made ample provisions, and he may demand security for same at the time of filing suit or from time to time thereafter when the advance costs have been exhausted. When these costs have not been paid he may have execution therefor. Sec. 5 of Act No. 203 of 1898, p. 485-490.

In the instant case it appears that the clerk made no demand at the time of filing the suit for security for costs, but this did not deprive him of the right to demand such surety subsequently for all *future* costs. He made no such demand until he was called on to prepare the record of appeal. This he had the right to do unless itc an be said that the appeal bond furnishes him such security. As the appellants were the plaintiffs in the cause the appeal bond, which, under the law, is conditioned for the payment of such judgment as may be rendered against the appellant, may furnish no security to the clerk for these particular costs in the event the judgment should be reversed.

The clerk is, therefore, not protected in the matter of his costs, which the law allows him to charge for preparing, certifying and making up the record of appeal, by the appeal bond, and he had the right to demand such payment or security for this service before he could be called on to perform it.

In State vs. Clerk, etc., 6 R. 308 a similar contention as is made here by the relator was made in that case that is: That the appeal bond given by an appellant who is the plaintiff in the cause, was sufficient security to the clerk for his costs for making the transcript. To this the Court said: "It is clear that this bond did not suffice; for the appellant, the principal in the bond, might have succeeded in the appeal and the surety would thereby have been discharged, the bond being conditional. The clerk has a right to require that the surety be absolute and the solvency of the surety appear to his reasonable satisfaction;"

151

and to the same effect is State vs. Behrens 17 An. 67. In both cases the mandamus was refused. These two cases are cited and approved in State vs. Clerk, etc., 22 A. 563. As the plaintiffs and appellants on their own showing declined to pay any costs whatsoever when called on by the clerk contending then, as they do now, that all costs are secured by the appeal bond, and as we are of opinion that the clerk has a right to demand this payment or security before he is required to furnish the transcript and is not forced to rely on the uncertain security of an appeal bond, relators are therefore without good ground of complaint. Had they offered to pay the transcript or to give security for the costs therefor and the clerk had then refused to perform the duties required of him we would be compelled to make the writ absolute, but they offered the clerk neither payment nor security for the service he was called on to perform. Until they do so the clerk may refuse to furnish the record; when they have done so and the clerk still refuses, it is then only that he may be compelled to comply and be mulcted with the costs of proceedings necessary to constrain him to the performance of his official duties.

For these reasons the preliminary writ of mandamus is rescinded and recalled and relator's application is dismissed at their costs with the understanding that upon relators paying the clerk the legal charges for preparing, certifying and transmiting the record of appeal to this Court the clerk shall thereupon comply with his duties.

Nov. 11, 1907.

Rehearing refused Dec. 9, 1907.

## ON MERITS.

The issues involved in this case are identical with those in the case of The Ahrens & Ott Manufacturing Company vs. E. J. Caire et als, decided this day.

ESTOPINAL, J. The issues involved in this case are identical with those in the case of the Ahrens & Ott Manufacturing Company vs. E., J. Caire et als, decided this day. For the reasons assigned in that opinion, it is hereby ordered, adjudged and decreed that the judgment appealed from in the instant case

is annulled, avoided and reversed and it is further ordered, adjudged and decreed that this cause be remanded to the lower Court for trial *de novo* according to the views expressed in the matter of the Ahrens & Ott Manufacturing Company vs. E. J. Caire, appellee to pay the costs of appeal. The costs of the District Court to await the final decision of the cause.

April 6, 1908.

Rehearing refused April 20, 1908.